**UNPUBLISHED**

# UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

UNITED STATES OF AMERICA,

   *Plaintiff-Appellee,*

v.

JOHNNY LARRY MILLER,

   *Defendant-Appellant.*

No. 02-7034

Appeal from the United States District Court
for the District of South Carolina, at Rock Hill.
Joseph F. Anderson, Jr., Chief District Judge.
(CR-93-285, CA-97-2416-0-17)

Submitted: May 15, 2003

Decided: May 27, 2003

Before WIDENER, MOTZ, and KING, Circuit Judges.

---

Dismissed by unpublished per curiam opinion.

---

### COUNSEL

John Larry Miller, Appellant Pro Se. Dean Arthur Eichelberger, OFFICE OF THE UNITED STATES ATTORNEY, Columbia, South Carolina, for Appellee.

---

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

## OPINION

PER CURIAM:

John Larry Miller seeks to appeal the district court's ruling regarding Miller's motion under Fed. R. Civ. P. 60(b), which the district court construed as a motion under 28 U.S.C. § 2255 (2000), and dismissed as untimely and successive. This Court may grant a certificate of appealability only if the appellant makes a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2) (2000). Where, as here, a district court dismisses a motion to vacate on procedural grounds, a certificate of appealability will not issue unless the petitioner can demonstrate both "(1) 'that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right' and (2) 'that jurists of reason would find it debatable whether the district court was correct in its procedural ruling.'" *Rose v. Lee*, 252 F.3d 676, 684 (4th Cir.) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)), *cert. denied*, 534 U.S. 941 (2001). We have independently reviewed the record and conclude that Miller has not satisfied either standard. *See Miller-El v. Cockrell*, 123 S. Ct. 1029 (2003).

We must construe Miller's notice of appeal and informal brief on appeal as an application to file a second or successive motion to vacate under 28 U.S.C. § 2255. *See United States v. Winestock*, ___ F.3d ___, 2003 WL 1949822, at *7 (4th Cir. Apr. 25, 2003). In order to obtain authorization to file a second motion to vacate, a movant must assert claims based on either: (1) a new rule of constitutional law, previously unavailable, made retroactive by the Supreme Court to cases on collateral review; or (2) newly discovered evidence that would be sufficient to establish by clear and convincing evidence that no reasonable fact-finder would have found the movant guilty of the offense. 28 U.S.C. §§ 2244(b)(3)(C), 2255 ¶ 8 (2000). Miller's claims do not satisfy either of these conditions. Therefore, we decline to authorize Miller to file a successive § 2255 application.

We deny a certificate of appealability and dismiss the appeal. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

*DISMISSED*